WHIPPLE v. FARRELLY.

(Supreme Court, Appellate Division, First Department. February 4, 1910.)

1. WITNESSES (§ 275*)—CROSS-EXAMINATION—SCOPE.

Where, in an action by a portrait painter for the reasonable value of painting a portrait, he testified on direct examination that he had painted portraits of distinguished public men, naming them, a cross-examination as to how he came to be employed to paint, and what he received for such portraits, was proper.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 275.*]

2. EVIDENCE (§ 112*)—ADMISSIBILITY—RELEVANCY—VALUE.

The evidence, also, as to what plaintiff was accustomed to receive for similar work to that done for defendant, was relevant to the question of value.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 134, 254–258; Dec. Dig. § 112.*]

3. EVIDENCE (§ 155*)—ADMISSIBILITY—COMPETENCY.

Where, in an action by a portrait painter for the reasonable value of painting a portrait, one of the issues was whether the acceptance of the portrait by defendant was conditional on its being satisfactory, and plaintiff testified that the portrait was examined by members of defendant's family, and that they made no objection to it, the exclusion of evidence to the contrary, offered by defendant, was erroneous.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 445–458; Dec. Dig. § 155.*]

Appeal from Trial Term, New York County.

Action by Charles A. Whipple against T. Charles Farrelly. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

See, also, 133 App. Div. 933, 118 N. Y. Supp. 1150.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

C. N. Bovee, for appellant.

George P. Breckenridge, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MILLER, J.  The plaintiff, a portrait painter, asserts that he was employed by the defendant to paint a portrait of the latter's father, that his work was reasonably worth the sum of $1,500, and that that was his price for painting such a portrait.  The defendant asserts that he gave the plaintiff a photograph from which to paint a portrait, with the understanding that, if it was not satisfactory, he should not be required to accept it.  The defendant is corroborated by the testimony of one witness.  The plaintiff is uncorroborated.  The plaintiff relied solely on his own testimony to show the value of his services.  The defendant called an art critic, who pointed out defects in the portrait, and testified that it was not worth more than $250.  The defendant refused to accept it, on the ground that it was not satisfactory.  The jury rendered a verdict for the plaintiff for the full amount claimed.

The plaintiff testified on his direct examination that he had painted the portraits of many distinguished public men, naming them.  On cross-examination, questions were addressed to him for the purpose of showing how he came to be employed to paint, and what he received for, such portraits; but the court sustained the plaintiff's objections thereto.  We think that such rulings were erroneous and prejudicial. The plaintiff's direct testimony on that subject was not wholly irrelevant, as his previous commissions tended somewhat to reflect his standing and prestige as an artist.  The testimony was calculated to, and doubtless did, influence the jury.  The defendant should, therefore, have been permitted to cross-examine the plaintiff on that subject. Moreover, what the plaintiff had been accustomed to receive for doing work like that done for the defendant was relevant to the question of value.  The value of an artist's work depends so much upon his reputation that it would seem to be quite impossible definitely to fix a standard of value.  What a Whistler could command would have little bearing on what an unknown artist should receive, however great the merit of the latter's work.  The question at issue was the reasonable value of this particular portrait, painted by this particular artist, and the price which he usually charged and received for such work bore directly upon that question.

Another ruling should be noticed.  The plaintiff testified that the portrait was examined by different members of the defendant's family, and that they made no objection to it.  The defendant offered to rebut that testimony, but the evidence was excluded.  In view of the issue as to whether the acceptance of the portrait by the defendant was conditional on its being satisfactory, that ruling was erroneous.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event.  All concur.