STATE *vs.* JOHN WOOD.

(*November* 12, 1925.)

*Harrington*, J., sitting.

*James R. Morford*, Deputy Attorney-General, for the State.
*Thomas C. Frame*, Jr., for defendant.

Court of General Sessions for New Castle County, November Term, 1925.

No. 86, November Term, 1925.

HARRINGTON, J. While the mere fact that a person, other than the defendant might have had sexual intercourse with the prosecuting witness at some other time would not affect the guilt of the defendant, if he, also, had intercourse with her; yet, if such intercourse with a third person took place at a time prior to the examination made by Dr. Mullin, it would tend to rebut any adverse inferences that might be drawn by the jury from his testimony, and evidence to that effect would be proper. The objection is, therefore, overruled. *Chamberlayne on Ev.*, vol. 3, § 1742A; *Chamberlayne H. B. on Ev.*, § 687; *Whipple v. Farrelly*, 136 *App. Div.* 587, 121 *N. Y. S.* 117.

In reply to the above question, the witness then stated that he did not see E. A. having sexual intercourse with the prosecuting witness in June, 1925, but that he did see him having sexual intercourse with her in March of 1925.

HARRINGTON, J., in charging the jury, among other things, said:

The defendant was permitted to produce evidence that the prosecuting witness had had sexual intercourse with a person other than the defendant in March of 1925. This fact would, however, in no way affect the guilt of the defendant if he, also, had sexual intercourse with her. As a circumstance in the case, the state had previously shown by a physician that an examination made in August of 1925, showed that the hymen of the prosecuting witness had been punctured or lacerated, and that the opening therein was large enough to permit the insertion of the private part of a male. In *Chamberlyne on the Law of Evidence, Section* 1742, *vol.* 3, I find the following statement:

"The duty of the court to hold the balance of indulgence even is not open to question. Any privilege accorded one of the parties which may prejudice his opponent the latter may claim the right to offset in any appropriate way. Thus, a party who asks for the inferences or conclusions of a witness, cannot successfully object to a pursuance of the same method of injury. Where one of the litigants has introduced evidence upon a given topic sustaining some logical relation to the case he must, as a rule, be content that his opponent should bring forward countervailing evidence on the same point."

The same proposition is stated in Chamberlayne's Hand Book on Evidence, at *Section* 657. See, also, *Whipple v. Farrelly*, 136 *App. Div.* 587, 121 *N. Y. S.* 117.

The evidence, with respect to the use of the prosecuting witness by a third person for the purpose of sexual intercourse, was admitted on this principle, and as tending to rebut any inferences unfavorable to the defendant that might arise from the testimony of Dr. Mullin, and for that purpose only.